IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENYATTA BROWN,                  )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   No. 10 C 5590
                                 )
EBY-BROWN COMPANY, LLC,          )
                                 )
            Defendant.           )

## MEMORANDUM ORDER

Eby-Brown Company, LLC ("Eby-Brown") has filed its Answer and Affirmative Defenses ("ADs") to the employment discrimination claim brought against it by its ex-employee Kenyatta Brown ("Brown"). This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

To begin with, Eby-Brown's Answer ¶7 follows its invocation of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer with the language "and therefore denies the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

Along the same lines, each of Answer ¶¶19, 20 and 52 asserts a lack of awareness on Eby-Brown's part of Brown's corresponding allegations in the Complaint "and, therefore, denies the allegations in Paragraph --." If the assertion of lack of

awareness is truthful,[1] a denial is really inappropriate. It would seem that the alternative to admission or denial--the Rule 8(b)(5) disclaimer--is more appropriate.

Finally, as to the ADs, Eby-Brown's counsel have been insufficiently heedful of the conceptual underpinning of Rule 8(c) and the caselaw construing it--and see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Thus:

    1. AD 1's factual assertion that Brown "has failed to mitigate damages" seems implausible--has Eby-Brown really been monitoring Brown's post-termination activities? If not, such an anticipatory speculation must be dropped, without prejudice to its possible future reassertion if the facts prove it out. AD 1 is therefore stricken.

    2. AD 2 flies in the face of the Complaint ¶2 allegations, which must be credited for AD purposes. Accordingly it too is stricken.[2]

    3. AD 3 asserts erroneously that any allegations based

---

[1] This sentence's use of "if" is not of course intended to cast aspersions on the bona fides of those assertions. This Court has noted, however, the nearly universal flat-out denials contained in the Answer, and it trusts that all of those have been advanced in the subjective and objective good faith demanded by Rule 11(b).

[2] Eby-Brown loses nothing by that, because it has placed its wilfulness or lack of it in issue by denying any such allegation in Answer ¶2.

on any claimed discriminatory acts that occurred more than 300 days before Brown filed her charges with EEOC "are barred as untimely." Not so. Any such earlier acts may not serve as the predicate for a timely claim, but because the allegations may (for example) point to a discriminatory intent on Eby-Brown's part on viable claims (and thus identify admissible evidence), AD 3 must be rewritten to reflect that.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 4, 2010